21-6415-ag
*Cervantes v. Garland*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand twenty-three.

PRESENT:
> JOSÉ A. CABRANES,
> REENA RAGGI,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

---

MARISOL DE FELIPE CERVANTES, JOSE MANUEL GONZALEZ MARTINES,

> *Petitioners,*                      21-6415-ag

>     v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL

> *Respondent.*

---

**FOR PETITIONER:**               Craig Relles, Law Office of Craig Relles, White Plains, NY.

**FOR RESPONDENT:**           Nelle M. Seymour, Trial Attorney (Jessica E. Burns, Senior Litigation Counsel, *on the brief*), Office of Immigration Litigation, *for* Brian M. Boynton, Principal Deputy Assistant Attorney General, U.S. DOJ, Washington, DC.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of a Board of Immigration Appeals ("BIA") order entered on July 2, 2021 is **DISMISSED**.

Petitioners Marisol de Felipe Cervantes and Jose Manuel Gonzalez Martines, both natives of Mexico with U.S. citizen children, seek review of a decision by the BIA that affirmed a decision by an Immigration Judge ("IJ") to deny cancellation for removal. *See In re De Felipe Cervantes, Martines*, Nos. A206 560 203/199 (B.I.A. July 2, 2021), *aff'g* Nos. A206 560 203/199 (Immigr. Ct. N.Y.C. Sept. 24, 2018). The IJ made an adverse credibility finding against Petitioners, and denied cancellation for removal on several bases, including that Petitioners did not show that removal would result in "exceptional and extremely unusual hardship" to any qualifying relative (i.e., their two U.S.-citizen children). 8 U.S.C. § 1229b(b)(1)(D). A.R. 3–4. We assume the parties' familiarity with the underlying facts and procedural history.

Petitioners contend that remand is necessary because the BIA affirmed the IJ's decision to deny cancellation without addressing the IJ's credibility finding, and that either "the basis for the Board's decision is unclear" or the "adverse credibility determination was central to the IJ's determination that hardship was not established." Pets. Br. 12. Contrary to Petitioners' arguments, however, the BIA affirmed the IJ's hardship determination without adopting the adverse credibility finding. *See* A.R. 3 ("While not reaching each issue in this case, we conclude that the Immigration Judge properly denied the [petitioners'] applications for cancellation of removal upon concluding that they had not established that their removal would result in exceptional and extremely unusual hardship to any of their United States citizen children."). The BIA was permitted to do so under its *de novo* review of the IJ's discretionary determination, which was supported by Petitioners' failure to demonstrate that their children's educational and medical needs would not be met in Mexico—an evidentiary omission that obtained without regard to Petitioners' credibility. 8 C.F.R. § 1003.1(d)(3) ("The Board will not engage in *de novo* review of findings of fact determined by an immigration judge . . . [but t]he Board may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges *de novo*."); *see also Cruz v. Wilkinson*, 848 F. App'x 14, 16 (2d Cir. 2021) (concluding there was no jurisdiction to review a petitioner's argument that the BIA engaged in impermissible fact-finding where the BIA reevaluated the factual record found by an IJ and came to a different conclusion about discretionary relief). We therefore agree with the Government that because the BIA "did not adopt or rely on Petitioners' lack of credibility in disposing of their appeal, the case can be resolved on the agency's independent and dispositive hardship finding, and the Court need not consider or address the credibility issue." Gov't. Br. 12. (citing *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976)).

Our jurisdiction to consider the BIA's § 1229b hardship determination is limited to "colorable constitutional claims or questions of law," which we review *de novo*. *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 41 n.6 (2d Cir. 2008); 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). Questions of law may include the application of law to undisputed facts. *See Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1069 (2020). They may also arise where the BIA "totally overlooked" or "seriously mischaracterized" evidence or applied "a legally erroneous standard." *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009); *Xiao Ji Chen v. U.S. Dept. of Just.*, 471 F.3d 315, 329 (2d Cir. 2006). They do not, however, extend to factfinding, the weighing of evidence, or the exercise of discretion. *See Patel v. Garland*, 142 S. Ct. 1614, 1623, 1627 (2022); *Argueta v. Holder*, 617 F.3d 109, 113 (2d Cir. 2010); *Barco-Sandoval*, 516 F.3d at 39. A petitioner cannot "us[e] the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is

2

essentially a quarrel about fact-finding or the exercise of discretion." *Xiao Ji Chen*, 471 F.3d at 329–30.

Here, we lack jurisdiction to review the BIA's affirmance of the IJ's decision because Cervantes and Martines do not present a colorable constitutional claim or question of law; instead, their challenges amount to quarrels with the agency's weighing of evidence. *See, e.g.*, Pets. Br. 14 (arguing that "alleged omissions and inconsistencies in Ms. Cervantes' testimony are ancillary or collateral to the hardship determination").

## CONCLUSION

We have reviewed all of the arguments raised by Petitioners on appeal and found them to be without merit. For the foregoing reasons, we **DISMISS** the petition for review for lack of jurisdiction. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court